By the Court.
At common law, this would have been a fatal variance, and the only question is whether the defect is cured by section 91 of the criminal code. 66 Ohio L. 301. It is there provided, that when there is a variance between the statement in an indictment, and the evidence offered in proof thereof, “in the name or description of any matter or thing whatsoever therein named or described, such variance shall not be deemed ground for an acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case, or may be prejudicial to the defendant.”
There being no such finding by the court, it seems to us *205 that the case comes fairly within this provision of the code, and that the defect is cured by it. To what cases of defective description this provision of the criminal code can be constitutionally applied, or what is the exact line between a “ variance” within its meaning, and a failure of proof, we need not decide in the present case. We think it safe at least to give it effect in cases like this, where the false part of the description being rejected a perfect legal description remains, and where the court do not find, and it does not appear iu proof, that it was material to the merits of the case, or that the defendant was prejudiced thereby.

Motion overruled.